IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH THOMAS,** | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| v. | ) | Case No. 05-297-CV-W-GAF |
| | ) | |
| **ALLEN GUMBS, AMERICAN FAMILY** | ) | |
| **INSURANCE GROUP and** | ) | |
| **BOB HARWELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Presently before the Court is the Plaintiff's response to the Court's Order to Show Cause. (Doc. #36). On April 6, 2006, this Court directed the Plaintiff, Deborah Thomas ("Thomas"), to show cause as to why her claims against Defendant Allen Gumbs should not be dismissed pursuant to Fed. R. Civ. P. 4(m) ("Rule 4(m)") for failure to obtain service of process within the requisite time limits. (Doc. #34). Rule 4(m) requires a plaintiff to serve a defendant with process within 120 days of filing the complaint. Rule 4(m) provides:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thomas filed her Complaint in the present case on March 31, 2005. (Doc. #1). Accordingly, she had until July 29, 2005 to serve Defendant Gumbs with process. To date, Thomas has failed to serve Defendant Gumbs with process.

In her response to the Court's Order to Show Cause, Thomas asserts various excuses for why she has failed to serve Defendant Gumbs with process. (Doc. #36). Thomas claims that American Family Insurance Group and Bob Harwell (two defendants who were dismissed from this lawsuit on April 6, 2006) have been uncooperative in her quest to discover Defendant Gumbs' address. Id. Thomas further claims that her attempts to retain legal counsel have prevented her from serving Defendant Gumbs with process. Id. Finally, Thomas asserts that she has failed to serve Defendant Gumbs with process because she had major surgery on March 20, 2006, nearly eight months after the expiration of the requisite time period for obtaining service of process. Id.

The Court finds that Thomas has failed to show good cause for her failure to obtain service of process on Defendant Gumbs. The Court finds that an extension of time would be futile as Thomas has already had 425 days in which to serve process. Accordingly, Thomas' claims against Defendant Gumbs are HEREBY DISMISSED pursuant to Fed. R. Civ. P. 4(m).

Thomas further asks this Court to reconsider its April 6, 2005 Order dismissing American Family Insurance Group and Bob Harwell from this case pursuant to Fed. R. Civ. P. 12(b)(6) in light of the foregoing excuses for her failure to obtain service of process. (Doc. #36). The Court finds that these circumstances do not affect the Court's analysis in the dismissal Order. Accordingly, Thomas' Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: May 30, 2006

2

Case 4:05-cv-00297-GAF   Document 38   Filed 05/30/06   Page 2 of 3

3